IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDRE L. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 15-3336 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Petitioner Andre L. Jones under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. As directed, the Government has filed a response.

On December 1, 2011, the Petitioner was sentenced to serve a term of 184 months imprisonment, following a guilty plea to unlawful transport of firearms in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2)(e). See United States v. Andre L. Jones, Case Number 3:11-cr-30009-RM-BGC. Based on his prior qualifying convictions, the Petitioner was sentenced as an Armed Career Criminal under § 924(e)(2)(B)(ii).

On June 26, 2015, in Johnson v. United States, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act is unconstitutionally vague and thus violates due process of law. See id. at 2563. The residual clause defines "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court overruled prior decisions upholding the residual clause. See Johnson, 135 S. Ct. at 2563.

The Court in Johnson announced a new substantive rule and is thus retroactive to cases on collateral review. See Price v. United States, 731, 733-34 (7th Cir. 2015). "There is no escaping the logical conclusion that the Court itself has made Johnson categorically retroactive to cases on collateral review." Id. at 734.

The Government notes that the substantive, constitutional holding is fully retroactive on cases involving the Armed Career Criminal Act. Moreover, the Petitioner's conviction for Aggravated Fleeing or Eluding an Officer required reliance on the residual clause to qualify as a violent felony

under § 924(e).  Therefore, the Petitioner lacks the three predicate convictions to be sentenced under § 924(e).

The Government has waived reliance on any procedural defenses and requests that the Court vacate the Petitioner's sentence and hold a re-sentencing hearing.

Ergo, the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence [d/e 1] is ALLOWED.

The sentence entered on December 1, 2011 in Case Number 11-30009 is VACATED.

A re-sentencing hearing is set for April 14, 2016 at 3:00 p.m.  The United States will ensure the appearance of Petitioner Andre L. Jones.

The Court will appoint the Federal Public Defender's Office to represent the Defendant at the re-sentencing hearing.

The United States Probation Office will be directed to prepare a Revised Presentence Investigation Report which addresses the sentencing guideline range in light of this ruling.  The Clerk shall send a copy of this Order to the Probation Office.

The Clerk will terminate this action.

All further documents or pleadings related to this case shall be filed in United States v. Andre L. Jones, Case Number 3:11-cr-30009-RM.

ENTER: March 1, 2016

        FOR THE COURT:

                            s/Richard Mills  
                            Richard Mills  
                            United States District Judge